WALLACE, Senior Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that the CWA does not unambiguously state that the EPA must conduct a technology-based review of its effluent guidelines. Because the CWA does not clearly mandate a particular method of review, I would hold that the district court properly refused to exercise jurisdiction.
Environmental advocates OCE brought suit under section 505(a)(2) of the CWA. This section provides jurisdiction in the district court for any claims alleging “a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.” CWA § 505(a)(2). We have recognized that only “clear-cut” nondiscretionary duties give rise to jurisdiction under this section. See Farmers Union Cent. Exch., Inc., 881 F.2d 757, 760 (9th Cir.1989). We have further emphasized that section 505(a)(2) was “intended to provide relief only in a narrowly-defined class of situations in which the Administrator failed to perform a mandatory function,” and was not intended to “permit the court to direct the manner in which any discretion given the Administrator in the performance of those functions should be exercised.” *798 Kennecott Copper Corp. v. Costle, 572 F.2d 1349, 1355 (9th Cir.1978) (quoting Wisconsin’s Envtl. Decade, Inc. v. Wisconsin Power & Light Co., 395 F.Supp. 313, 321 (W.D.Wis.1975)).
I am not convinced that Chevron analysis is appropriate for this case. We are not trying to determine whether we should defer to the EPA’s interpretation of the statute. We are merely trying to determine whether, objectively, the statute creates a mandatory duty, and whether plaintiffs could therefore challenge the EPA’s failure to perform that duty in the district court. In other words, it is not a question of whether the EPA thinks the statute is mandatory, it is a question of whether we do. With the Chevron confusion eliminated, this becomes a relatively straightforward case.
It is undisputed that under the CWA, the EPA has an obligation to review periodically its effluent guidelines and limitations. It is further undisputed that the EPA has an obligation to utilize technology-based criteria when it exercises its discretion to revise the guidelines and limitations. Nothing in the CWA, however, specifically obligates the EPA to review the effluent guidelines and limitations using a technology-based approach. At most, the statutory provisions and legislative history are ambiguous. Because the CWA does not create a clear-cut, mandatory duty on the part of the EPA, I would affirm the district court’s determination that it lacked jurisdiction under 505(a)(2).
I join the majority in holding that the district court properly dismissed OCE’s remaining claims. I also join in holding that the district court did not abuse its discretion in refusing to transfer OCE’s claims to this court.